# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES EARL McGHEE, III, Defendant. | No. CR05-4082-DEO  **ORDER** |

This matter came on for hearing on July 20, 2005, pursuant to 18 U.S.C. § 3142(f), to determine whether the Government was entitled to a detention hearing. Assistant United States Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant James Earl McGhee, III appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of Detective Jay Fleckenstein of the Sioux City Police Department.

McGhee, a convicted felon, is charged with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Detective Fleckenstein testified McGhee was involved in a shooting incident after which he made concerted efforts to avoid apprehension by law enforcement. These efforts indicate McGhee is a serious flight risk. In addition, McGhee made post-Miranda statements to officers about ongoing animosity between himself and persons involved in the shooting, as well as other persons in the community. McGhee told officers he carries firearms or a knife on his person routinely to protect himself and his family because he feels certain individuals are out to get him. The only witnesses to the shooting in question were McGhee and the two individuals at whom he was shooting, and on this record, it appears McGhee has an

ongoing feud with those individuals. This evidence indicates a serious risk exists that McGhee would threaten, injure, or intimidate a witness, or would attempt to do so.

Accordingly, the court held a detention hearing pursuant to 18 U.S.C. § 3142(f)(2), to determine whether any condition or combination of conditions of release would reasonably assure the appearance of McGhee as required and the safety of any other person and the community.

In addition to the evidence provided by Detective Fleckenstein, the Pretrial Services Report indicates McGhee has an extensive criminal history that includes numerous incidents of violence, flight, and absconding. There is substantial evidence that he has failed to show up as required for court proceedings, and has failed to comply with terms and conditions of release. Coupled with his activities giving rise to the current charges, these facts show McGhee is both a flight risk and a danger to the community.

On these facts, the court finds there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and therefore orders as follows:

1. McGhee is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford McGhee reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver McGhee to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, McGhee must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT